## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

### *ELECTRONICALLY FILED*

|  |  |
|---|---|
| DAVID DOMINE and LOUISVILLE HISTORIC TOURS LLC, | |
| Plaintiffs, | |
| v. | Case No. ___3:22-cv-446-RGJ___ |
| GHOST CITY TOURS OF KENTUCKY, LLC a/k/a GHOST CITY TOURS OF LOUISVILLE, GHOST CITY STUDIOS LLC, and GHOST CITY TOURS HOLDING, LLC | **COMPLAINT** |
| Defendants. | |

### **COMPLAINT**
### **(JURY TRIAL DEMANDED)**

Plaintiffs, David Dominé and Louisville Historic Tours LLC ("Louisville Historic Tours") (collectively "Plaintiffs"), by counsel, for their Complaint against Defendants, Ghost City Tours of Kentucky, LLC a/k/a Ghost City Tours of Louisville, Ghost City Studios, LLC, and Ghost City Tours Holding, LLC (collectively "Defendants") allege as follows:

### **INTRODUCTION**

1.      This is an action for copyright infringement under the federal Copyright Act, 17 U.S.C. § 501; false endorsement and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and the common law of Kentucky; invasion of Mr. Dominé's

right to privacy—misappropriation of the commercial value of Mr. Dominé's likeness, under the common law of Kentucky; and violation of Mr. Dominé's right of publicity under KRS § 391.170. Mr. Dominé is seeking monetary damages, punitive damages, attorney fees, pre- and post-judgment interest, destruction of infringing materials, and injunctive relief.

## THE PARTIES

2.    Plaintiff David John Dominé, Jr., is an individual residing at 2402 Ashwood Drive, Louisville, Kentucky 40205.

3.    Plaintiff Louisville Historic Tours LLC is a limited liability company organized and existing under the laws of Kentucky, and of which Mr. Dominé is the sole member, with its principal place of business at 2402 Ashwood Drive, Louisville, Kentucky 40205.

4.    Upon information and belief, defendant Ghost City Tours of Kentucky, LLC is a limited liability company organized and existing under the laws of Kentucky, with registered agent at 212 North Second Street, Suite 100, Richmond, Kentucky 40475, and with principal place of business at 19349 North Twelfth Street, Covington, Louisiana 70433. Upon information and belief, defendant Ghost City Tours of Kentucky does business in Louisville as Ghost City Tours of Louisville ("Ghost City Louisville").

5.    Upon information and belief, defendant Ghost City Studios LLC is a limited liability company organized and existing under the laws of Louisiana, with principal place of business at 19349 North Twelfth Street, Covington, Louisiana

70433 ("Ghost City Studios"). Upon information and belief, Ghost City Studios is a sister or affiliated company to Ghost City Louisville, and has been directly involved in the infringing activity alleged herein.

6.     Upon information and belief, defendant Ghost City Tours Holding, L.L.C. is a limited liability company organized and existing under the laws of Louisiana, with principal place of business at 19349 North Twelfth Street, Covington, Louisiana 70433 ("Ghost City Holding"). Upon information and belief, Ghost City Holding is the owner of Ghost City Louisville and otherwise exercises control over Ghost City Louisville.

## JURISDICTION AND VENUE

7.     This court has original subject matter jurisdiction over the copyright claims as a federal question under 28 U.S.C. § 1331 and as copyright claims under 28 U.S.C. § 1338(a).

8.     This court has original subject matter jurisdiction over the claims of federal false endorsement and unfair competition as federal questions under 28 U.S.C. § 1331, as claims of unfair competition under the Lanham Act pursuant to 15 U.S.C. § 1121, and as civil actions arising under an Act of Congress relating to trademarks under 28 U.S.C. § 1338(a).

9.     This court has subject matter jurisdiction over the state unfair competition claims, these being joined with substantial and related claims under the federal Lanham Act, under 28 U.S.C. § 1338(b); and under principles of supplemental jurisdiction under 28 U.S.C. § 1367.

10.    This court has supplemental jurisdiction over the right to privacy and right of publicity claims under 28 U.S.C. § 1367, these being claims so related to claims within the court's original jurisdiction that they form part of the same case or controversy under U.S. CONST., art. III, § 2.

11.    This court has personal jurisdiction over defendant Ghost City Tours of Kentucky, LLC because defendant resides and does business in Kentucky, availing itself of the laws thereof.

12.    This court has personal jurisdiction over the remaining defendants under Kentucky's long arm statute, KRS § 454.210, because said defendants, either directly or by agent, transact business and contract to supply services in Kentucky, and have caused tortious injury in Kentucky.

13.    Venue is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims alleged herein occurred in the Western District of Kentucky.

## STATEMENT OF FACTS
### David Dominé and His Copyrighted Books

14.    David Dominé is a renowned Louisville historian, storyteller, author, tour guide, and media personality.

15.    Mr. Dominé is the author of sixteen published books and two unpublished books. Mr. Dominé's books have received extensive critical acclaim from reviewers and authors alike (*See* **Exhibit 1**, which is incorporated by reference as if

4

fully laid out herein). Mr. Dominé's most recent true crime book[1] was favorably reviewed in The New York Times and will be the subject of an upcoming television series.[2]

16.    Several of Mr. Dominé's books are about ghosts, hauntings, and supernatural phenomena in the Louisville area, and especially in the neighborhood known as Old Louisville (the "Ghost Books").[3] *See* **Exhibit 2** for a comprehensive list of Mr. Dominé's books, said exhibit being incorporated by reference as if fully set forth herein.

17.    Mr. Dominé owns valid and subsisting U.S. federal copyright registrations for each of the Ghost Books. *See* **Exhibit 3** for a list of Mr. Dominé's copyright registrations, said exhibit being incorporated by reference as if fully laid out herein.

18.    Mr. Dominé owns valid and subsisting copyright registrations in <u>Haunts of Old Louisville</u> (Reg. No. TX9000918 and TX0007192920) with effective dates of registration on June 14, 2021 and June 14, 2010, respectively.

19.    Mr. Dominé owns a valid and subsisting copyright registration in <u>Phantoms of Old Louisville: Ghostly Tales from America's Most Haunted</u>

---

[1] David Dominé, <u>A Dark Room in Glitter Ball City: Murder, Secrets, and Scandal in Old Louisville</u> (2021).

[2] Louis Lucero II, <u>A Dead Body Was Found in the Basement. The Case Involved a Drag Queen, Drugs and Louisville,</u> N.Y. Times (Oct. 29, 2021) https://www.nytimes.com/2021/10/29/books/review/dark-room-glitter-ball-city-david-domine.html.

[3] David Dominé, <u>Ghosts of Old Louisville: True Stories of Hauntings in America's Largest Victorian Neighborhood</u> (Univ. Press of Ky. 2d ed. 2017); David Dominé, <u>Phantoms of Old Louisville: Ghostly Tales from America's Most Haunted Neighborhood</u> (Univ. Press of Ky. 2d ed. 2017); David Dominé, <u>Haunts of Old Louisville: Gilded Age Ghosts and Haunted Mansions in America's Spookiest Neighborhood</u> (Univ. Press of Ky. 2d ed. 2017).

Neighborhood (Reg. No. TX0009000906 and TX0006509767) with effective dates of registration on August 10, 2021 and February 5, 2007, respectively.

20.    Mr. Dominé owns a valid and subsisting copyright registration in Haunts of Old Louisville: Gilded Age Ghosts and Haunted Mansions in America's Spookiest Neighborhood (Reg. No. TX0009000918) with effective date of registration on August 10, 2021.

21.    Mr. Dominé owns a valid and subsisting copyright registration in Ghosts of Old Louisville: True Stories of Hauntings in America's Largest Victorian Neighborhood and Ghosts of Old Louisville (Reg. Nos. TX0009000924 and TX0006225604) with effective dates of registration on August 10, 2021 and August 25, 2005, respectively.

22.    All of the copyright registrations for the Ghost Books issued before commencement of any of the acts of infringement alleged below.

23.    Each of the Ghost Books bear clear copyright notices indicating that they are subject to copyright protection and the year said protection vested.

24.    Several of the stories from the Ghost Books are entirely works of fiction that originate with Mr. Dominé. These stories are the invention of Mr. Dominé's creative labor.

25.    For example, Mr. Dominé wrote the story entitled *The Witches' Tree* in 2008, and it first appeared in Haunts of Old Louisville, which was published in 2009 and reprinted in 2017. Central to the story is the rhyming witches' curse, which Mr. Dominé wrote, and which is an original work of authorship.

26.     Additionally, Mr. Dominé creatively elaborated many of the stories that are based in part on historical fact and/or local lore, inventing details, characters, and story lines that enhanced their suspense, dread, and emotional impact. As such, these elaborated stories are properly works of historical fiction that are likewise the product of Mr. Dominé's creative labor.

27.     With respect to any historical facts, stories attributable to local lore or legend, and information gathered from personal interviews, Mr. Dominé creatively organized and arranged this content into attractive, compelling narratives.

## David Dominé's Tours and Dramatic Works

28.     Mr. Dominé is also the founder of Louisville Historic Tours, a popular and successful tourism company. Since 2004, Mr. Dominé and Louisville Historic Tours and its predecessors have provided, and continue to provide exciting and engaging tours of Louisville's historic architectural monuments, especially those in the Old Louisville historic, preservation district/neighborhood. Mr. Dominé frequently gives these tours himself.

29.     The tour titled *Old Louisville Ghost Tour* combines tours of these historic architectural landmarks and adaptations of the stories told in Mr. Dominé's Ghost Books. As such, this tour is a derivative work as that term is defined in 17 U.S.C. § 101.

30.     Mr. Dominé currently owns a pending application for federal copyright registration for this tour, titled Old Louisville Ghost Tour—America's Most Haunted Neighborhood, as a work of the performing arts (eCO Case No. 1-11477734301).

31.     Through painstaking historical research, enchanting storytelling, persistent marketing, and consistently high-quality tour experiences, Mr. Dominé has amassed considerable goodwill for his tours, and for Louisville Historic Tours, among consumers throughout Louisville and beyond. Mr. Dominé's tours have even been recommended by The New York Times as the first thing to do for visitors to Louisville.[4]

32.     This goodwill has caused consumers to associate the names David Dominé and Louisville Historic Tours with historic tours in Old Louisville, and especially with so-called "ghost tours". Consumers further have come to associate the terms LOUISVILLE GHOST TOUR with tours given by Mr. Dominé and/or Louisville Historic Tours and/or based on Mr. Dominé's Ghost Books.

33.     Readers of Mr. Dominé's books, and in particular, the Ghost Books, know that the ghost stories told during *Old Louisville Ghost Tour* tours are adaptations of the stories they have read in Mr. Dominé's books, and recognize Mr. Dominé as the source of those stories.

---

[4]     Elain Glusac, <u>36 Hours in Louisville</u>, N.Y. Times (Apr. 28, 2016) https://www.nytimes.com/interactive/2016/04/28/travel/what-to-do-36-hours-in-louisville.html

## David Dominé's Likeness

34.     Mr. Dominé has also accumulated substantial value in connection with his personal likeness, separate and apart from his exploits as an author and tour guide.

35.     Mr. Dominé has appeared as a guest speaker and/or presenter at numerous events and venues locally, regionally, nationally and internationally.

36.     Mr. Dominé has appeared over 100 times on television programs on popular networks including the Travel Channel, the Public Broadcasting Service, the SyFy Network, the Investigation Discovery network, and A&E. *See* **Exhibit 4** for a comprehensive list of Mr. Dominé's appearances, said exhibit being incorporated by reference as if fully set forth herein.

37.     Income earned by Mr. Dominé and/or Louisville Historic Tours from the tours, including the "Ghost Tours", can be, at least in part, attributed to the value of Mr. Dominé's personal likeness and his notoriety, separate and apart from his work as an author and tour guide.

## Defendant's Wrongful Acts

38.     Upon information and belief, defendant Ghost City Louisville began providing tours of architectural monuments in Old Louisville featuring stories of paranormal phenomena for commercial profit at least as early as April of 2022.

39.     Upon information and belief, defendant Ghost City Louisville is wholly owned by Ghost City Holding, a Louisiana limited liability company.

40.    Upon information and belief, the scripts used for tours given by defendant Ghost City Tours of Kentucky were developed by Ghost City Studios, a Louisiana limited liability company.

41.    Ghost City Louisville advertises its tourism services on a website with the URL https://ghostcitytours.com/louisville/.

42.    On information and belief, ghostcitytours.com/louisville/ and its subpages are together subpages of the domain name ghostcitytours.com, which is the primary website and domain name for Ghost City Studios.

43.    On information and belief, Ghost City Studios (Louisiana) is the owner of the website and registrant of the domain name at ghostcitytours.com.

### Copyright Infringement – Defendants' Tours

44.    On a recent tour offered by Defendants, a tour guide who, on information and belief, was at that time an employee of, or individual working on behalf of or upon the authority and at the direction of Ghost City Louisville led a tour titled *Family Ghost Tour*. (Defendants have since changed the name of this tour to *Ghosts of Louisville Tour*).

45.    Throughout said tour, said guide recited and/or performed excerpts from Mr. Dominé's Ghost Books including fictional material written by Mr. Dominé.

46.    Specifically, the guide stopped at the Conrad-Caldwell House at 1402 St. James Court and told a story in which Mr. Conrad appears to scold tour-goers who wander off during the tour. This story element was written by Mr. Dominé in the story *The Conrad-Caldwell House* in <u>Ghosts of Old Louisville</u>.

47.    Later during the same tour, the tour guide stopped at the corner of South Sixth Street and Park Avenue and told the legend of the "Witches' Tree". This legend originated from the story *About the Witches' Tree* in <u>Haunts of Old Louisville</u>.

48.    Later still during the same tour, the tour guide stopped at the fountain in Floral Terrace, bounded by South Sixth and Seventh Streets and Park Avenue and West Ormsby Avenue. There, the guide told a story excerpted from a chapter titled *Floral Terrace* in Mr. Dominé's book <u>Ghosts of Old Louisville</u>. Specifically, the guide told the story of Roscoe Tuttle experiencing paranormal visions in his bathroom mirror.

49.    The tour guide made various references to Mr. Domine and his books throughout the tour.

50.    Additionally, on the same day as the tour referenced in paragraphs 44-49, above, a second tour guide who, on information and belief, was at that time an employee of, or individual working on behalf of or upon the authority and at the direction of Ghost City Louisville led a tour titled *Family Ghost Tour*.

51.    Throughout said tour, said guide recited and/or performed excerpts from Mr. Dominé's Ghost Books including fictional material written by Mr. Dominé.

52.    Later in the same tour, the guide stopped at the building at 1412 South Sixth Street and told the story of the haunting of *Jennie Casseday's Infirmary*, an original story contained in <u>Ghosts of Old Louisville</u>.

53.     Later during the same tour, the tour guide stopped at the corner of South Sixth Street and Park Avenue and told the legend of the *Witches' Tree*, which is taken directly from <u>Haunts of Old Louisville</u>.

54.     Later still during the same tour, the tour guide stopped at the fountain in Floral Terrace, bounded by South Sixth and Seventh Streets and Park Avenue and West Ormsby Avenue. There, the guide again told a story of excerpted from a chapter titled *Floral Terrace* in Mr. Dominé's book <u>Ghosts of Old Louisville</u>.

55.     Later during the same tour, the guide stopped at the First Church of Christ, Scientist at the corner of South Third Street and West Ormsby Avenue. There, the guide told the story of *The Lady of the Stairs* involving the character named "Miss G." The story is taken directly from <u>Ghosts of Old Louisville</u>.

56.     The guide likewise made references to Mr. Domine by name and his books throughout this tour.

57.     At another tour offered by Defendants a few weeks later, a second tour guide who, on information and belief, was at that time an employee of, or individual working on behalf of or upon the authority and at the direction of Ghost City Louisville led a tour titled *Of Melancholy and Mourning Tour* (also referenced as *Adults-Only Ghost Tour*).

58.     During this tour, the guide recited and retold several of the aforementioned original works written by Mr. Dominé, including *The Lady of the Stairs*, *The Witches' Tree*, *Jennie Casseday's Infirmary*, and *The Conrad-Caldwell House*.

59.     Additionally, at a stop at the Dupont Mansion at 1317 South Fourth Street, the guide told a story about a "lecherous ghost" and contractors and a decorator who had paranormal experiences while restoring the house. This story was taken directly from <u>Phantoms of Old Louisville</u>.

60.     Later, the guide stopped at the Louisville Bourbon Inn B&B and told the story of Annie Whipple. Another story taken directly from <u>Haunts of Old Louisville</u>.

61.     Later, the guide stopped at St. James Court Flats and recounted the legend of *Ice Boy*. This story is taken directly from <u>Ghosts of Old Louisville</u>.

62.     Ghost City Louisville's tour scripts and tours are derivative works of and/or otherwise copied directly from Mr. Domine's copyrighted Ghost Books.

63.     On information and belief, Ghost City Studios, or persons acting on its behalf, under its authority, and at its direction, prepared these derivative works and/or otherwise intentionally copied Mr. Dominé's copyrighted works.

64.     The Defendants' use of Mr. Dominé's copyrighted works are without his permission or consent.

65.     On information and belief, Ghost City Louisville, or persons acting on its behalf, under its authority, and at its direction, have performed these unauthorized tours multiple times a week since Ghost City Louisville began providing tourism services in Old Louisville, and such tours continue as of the filing of this Complaint.

66.     These performances were and are given without Mr. Dominé's permission.

67.   Mr. Dominé has received no compensation for Defendants' unauthorized use of his copyrighted works.

68.   The pages and subpages of the website with URL www.ghostcitytours.com/louisville also include multiple instances of unauthorized reproductions of Mr. Dominé's copyrighted Ghost Books.

69.   Specifically, the website reproduces substantially similar plot points and fictional story elements from *Jennie Casseday's Infirmary*, the story of Roscoe Tuttle, *The Ice Boy*, and *The Witches' Tree*. A version of the witches' curse is reprinted verbatim at www.ghostcitytours.com/louisville/haunted-louisville/ghosts-floral-terrace/.

70.   These reproductions were made without Mr. Dominé's permission.

71.   Mr. Dominé has received no compensation for these unauthorized reproductions of his copyrighted works.

### *False Endorsement and Unfair Competition*

72.   Defendants have used Mr. Dominé's name in order to promote their services on their website, in their marketing, and during their ghost tours.

73.   Defendants' use of Mr. Dominé's name goes beyond use that is merely suggestive of Mr. Dominé or use of a name in a factual manner. Rather, Defendants specifically identify Mr. Dominé in connection with the promotion and sale of Defendants' ghost tours.

74.   Defendants' services, namely, providing tours of architectural landmarks in the Old Louisville neighborhood featuring stories of paranormal

phenomena, are identical to and in direct competition with Mr. Dominé's services, in connection with which Mr. Dominé uses his own name as a source indicator.

75.    Defendants use of Mr. Dominé's name in connection with their services is identical to Mr. Dominé's own use of his name in connection with his identical, competing services.

76.    Upon information and belief, Defendants' use of Mr. Dominé's name is intended to suggest, falsely and contrary to fact, that Mr. Dominé endorses, supports, sponsors, and/or approves of Defendants' services.

77.    Upon information and belief, prior to using Mr. Dominé's name in connection with competing services, Defendants were aware that Mr. Dominé provided identical services and that Mr. Dominé used his own name as a source indicator of his services, such that Defendants' use is willful.

78.    Defendants have also used a confusingly similar designation of origin as the title of one of their competing ghost tours, namely, *The Ghosts of Louisville Tour*. This title is confusingly similar to the title of one of Mr. Dominé's books, namely, Ghosts of Old Louisville, which Mr. Dominé routinely uses to designate the source of the material presented on his own ghost tours. It is also confusingly similar to the title of Mr. Dominé's own ghost tour titled *Old Louisville Ghost Tour*.

79.    Defendants' spurious use of the title *The Ghosts of Louisville Tour*, along with other indicia of origin, is intended to cause consumers to believe, falsely and contrary to fact, that Defendants' tour is affiliated with or otherwise connected to Plaintiffs' own ghost tours and/or Mr. Dominé's books.

80.    Mr. Dominé's use of his own name and the titles of his Ghost Books in connection with ghost tours of Old Louisville predate any of Defendants' spurious uses.

81.    Defendants' spurious and unauthorized use of Mr. Dominé's name and other source-identifying indicia has caused actual confusion among consumers about the source of Defendants' services.

82.    Upon information and belief, Defendants' spurious, identical use of Mr. Dominé's name and a confusingly similar use of the title of Mr. Dominé's book in connection with Defendants' identical, competing services has channeled monetary profits to Defendants that rightfully belong to Mr. Dominé and Louisville Historic Tours and/or which Defendants would not otherwise be entitled to collect.

83.    Defendants have never asked Mr. Dominé for, and Mr. Dominé has never given Defendants, permission to use his name or other source-identifying indicia of Mr. Dominé, his books, or Louisville Historic Tours in any capacity.

### Defendants' use of David Dominé's Name

84.    Defendants' have used Mr. Dominé's name to promote their services on their website marketing and on their tours.

85.    Mr. Dominé's name and likeness have intrinsic value due to Mr. Dominé's celebrity as an accomplished author, historian, performer, and tour guide.

86.    Defendants have misappropriated this value by using Mr. Dominé's name without Mr. Dominé's permission.

87.     Upon information and belief, Defendants have used Mr. Dominé's name to burnish Defendants' own credibility and that of their services.

88.     Upon information and belief, Defendants were aware of the value of Mr. Dominé's likeness.

89.     Defendants have never asked Mr. Dominé for, and Mr. Dominé has never given Defendants permission to use his name in any capacity.

## COUNT I
### COPYRIGHT INFRINGEMENT—*HAUNTS OF OLD LOUISVILLE*
### 17 U.S.C. §§ 106, 501

90.     Plaintiffs reincorporate and reallege paragraphs 14-18, 20, 22-28, 44-45, 47, 49, 50-51, 53, 56-58, 60, and 62-71 as if fully set forth herein.

91.      Mr. Dominé is the sole author and claimant, legal and/or beneficial owner of the federally registered copyrights in the literary work <u>Haunts of Old Louisville</u>.

92.     Defendants have infringed Mr. Dominé's copyright rights by reproducing portions of Mr. Dominé's <u>Haunts of Old Louisville</u> on their website, by adapting portions of <u>Haunts of Old Louisville</u> into derivative tour scripts, and by publicly performing and/or displaying <u>Haunts of Old Louisville</u> or unauthorized derivatives thereof without Mr. Dominé's permission. 17 U.S.C. § 501.

93.     Mr. Dominé is therefore entitled to injunctive relief (17 U.S.C. § 502), impounding and disposal of Defendants' infringing materials (17 U.S.C. § 503), and recovery of Defendants' profits attributable to its infringing acts and/or recovery of

any profits lost as a result of the acts of copyright infringement set forth herein (17 U.S.C. § 504(b)).

94.     Mr. Dominé's copyrights in the two versions of <u>Haunts of Old Louisville</u> were federally registered with the U.S. Copyright Office before the commencement of Defendants' infringing acts. 17 U.S.C. § 412.

95.     Mr. Dominé is therefore entitled to, alternatively and at his election, statutory damages up to the amount of $30,000 per work infringed (or $60,000 total for infringement of the two versions of <u>Haunts of Old Louisville</u>). 17 U.S.C. 504(c)(1). Mr. Dominé is further entitled to recover attorney fees incurred in pursuing his federal copyright claim. 17 U.S.C. § 505.

96.     Defendants' infringing acts were committed with constructive notice and actual knowledge of Mr. Dominé's valid and subsisting copyrights, such that Defendants' infringing acts were willful. 17 U.S.C. § 401.

97.     As such, Mr. Dominé is entitled to enhanced statutory damages of up to $150,000 per work infringed (or up to $300,000) for the acts of infringement of the two versions of <u>Haunts of Old Louisville</u> as set forth herein. 17 U.S.C. § 504(c)(2).

## COUNT II
## COPYRIGHT INFRINGEMENT - *PHANTOMS OF OLD LOUISVILLE*
## 17 U.S.C. §§ 106, 501

98.     Plaintiffs reincorporate and reallege paragraphs 14-17, 19, 22-28, 44-45, 49, 50-51, 56-59 and 62-71 as if fully set forth herein.

99.    Mr. Dominé is the sole author and claimant, legal and/or beneficial owner of the federally registered copyrights in the literary work <u>Phantoms of Old Louisville</u>.

100.    Defendants have infringed Mr. Dominé's copyright rights by reproducing portions of Mr. Dominé's <u>Phantoms of Old Louisville</u> on their website, by adapting portions of <u>Phantoms of Old Louisville</u> into derivative tour scripts, and by publicly performing and/or displaying <u>Phantoms of Old Louisville</u> or unauthorized derivatives thereof without Mr. Dominé's permission. 17 U.S.C. § 501.

101.    Mr. Dominé is therefore entitled to preliminary and permanent injunctive relief (17 U.S.C. § 502), impounding and disposal of Defendants' infringing materials (17 U.S.C. § 503), and recovery of Defendants' profits attributable to its infringing acts and/or recovery of any profits lost as a result of the acts of copyright infringement set forth herein (17 U.S.C. § 504(b)).

102.    Mr. Dominé's copyrights in <u>Phantoms of Old Louisville</u> were federally registered with the U.S. Copyright Office before the commencement of Defendants' infringing acts. 17 U.S.C. § 412.

103.    Mr. Dominé is therefore entitled to, alternatively and at his election, statutory damages up to the amount of $30,000 per work infringed (or $60,000 total for infringement of the two versions of <u>Phantoms of Old Louisville</u>). 17 U.S.C. 504(c)(1). Mr. Dominé is further entitled to recover attorney fees incurred in pursuing his federal copyright claim. 17 U.S.C. § 505.

104.    Defendants' infringing acts were committed with constructive notice and actual knowledge of Mr. Dominé's valid and subsisting copyrights, such that Defendants' infringing acts were willful. 17 U.S.C. § 401.

105.    As such, Mr. Dominé is entitled to enhanced statutory damages of up to $150,000 per work infringed (or $300,000 for both versions of <u>Phantoms of Old Louisville</u>) for the acts of infringement of <u>Phantoms of Old Louisville</u> as alleged herein. 17 U.S.C. § 504(c)(2).

**COUNT III**
**COPYRIGHT INFRINGEMENT -- *GHOSTS OF OLD LOUISVILLE***
**17 U.S.C. §§ 106, 501**

106.    Plaintiffs reincorporate and reallege paragraphs 14-17, 21-28, 44-46, 48-52, 54, 56-59, and 61-71 as if fully set forth herein.

107.    Mr. Dominé is the sole author and claimant, legal and/or beneficial owner of the federally registered copyrights in the literary work <u>Ghosts of Old Louisville</u>.

108.    Defendants have infringed Mr. Dominé's copyright rights by reproducing portions of <u>Ghosts of Old Louisville</u> on their website, by adapting portions of <u>Ghosts of Old Louisville</u> into derivative tour scripts, and by publicly performing and/or displaying <u>Ghosts of Old Louisville</u> or unauthorized derivatives thereof without Mr. Dominé's permission. 17 U.S.C. § 501.

109.    Mr. Dominé is therefore entitled to injunctive relief (17 U.S.C. § 502), impounding and disposal of Defendants' infringing materials (17 U.S.C. § 503), and recovery of Defendants' profits attributable to its infringing acts and/or recovery of

any profits lost as a result of the acts of copyright infringement set forth herein (17 U.S.C. § 504(b)).

110.    Mr. Dominé's copyrights in <u>Ghosts of Old Louisville</u> were federally registered with the U.S. Copyright Office before the commencement of Defendants' infringing acts. 17 U.S.C. § 412.

111.    Mr. Dominé is therefore entitled to, alternatively and at his election, statutory damages up to the amount of $30,000 per work infringed (or $60,000 total for infringement of the two versions of <u>Ghosts of Old Louisville</u>). 17 U.S.C. 504(c)(1). Mr. Dominé is further entitled to recover attorney fees incurred in pursuing his federal copyright claim. 17 U.S.C. § 505.

112.    Defendants' infringing acts were committed with constructive notice and actual knowledge of Mr. Dominé's valid and subsisting copyrights, such that Defendants' infringing acts were willful. 17 U.S.C. § 401.

113.    As such, Mr. Dominé is entitled to enhanced statutory damages of up to $150,000 per work infringed (or $300,000 for both versions of <u>Ghosts of Old Louisville</u>) for the infringement of <u>Ghosts of Old Louisville</u> as alleged herein. 17 U.S.C. § 504(c)(2).

<u>COUNT IV</u>
**FALSE ENDORSEMENT AND UNFAIR COMPETITION UNDER THE LANHAM ACT**
**15 U.S.C. § 1125(a)**

114.    Plaintiffs reincorporate and reallege paragraphs 14-21, 28-37, 44, 49-50, 56-57, and 72-89 as if fully set forth herein.

115.    Defendants have used Mr. Dominé's name and colorable imitations of the title of one of his books and the title of his ghost tour and/or other symbols, devices or indicia of origin associated with Plaintiffs, in interstate commerce, in connection with directly competing tourism services, without the consent of Plaintiffs, for the purposes of providing competing services and to create the same or similar commercial impression with Plaintiffs and/or to create confusion among, or to cause mistake or to deceive the relevant consuming public.

116.    Defendants' use of Mr. Dominé's name and/or other indicia of origin associated with Plaintiffs constitutes the use of words, terms, names, symbols, and devices and combinations thereof; false designations of origin; and false or misleading representations of fact that are likely to cause confusion among consumers, and/or likely to deceive consumers as to the affiliation, origin, sponsorship or approval of Defendants' services by Plaintiffs in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

117.    As a result of Defendants' use of Mr. Dominé's name and/or other indicia of origin associated with Plaintiffs, Plaintiffs have and will suffer damage to their business, reputation and goodwill and the loss of sales and profits Plaintiffs would have made but for Defendants' actions.

118.    Defendants are passing off their services as having originated from Plaintiffs, or having been endorsed by, affiliated with, or sponsored by Plaintiffs.

119.    The aforementioned acts of Defendants were knowing, deliberate, willful, intended to cause mistake or to deceive, and otherwise in reckless disregard of Plaintiffs' rights.

120.    Defendants' conduct is causing immediate and irreparable harm and injury to Mr. Dominé and Louisville Historic Tours, and to their goodwill and reputation, and will continue to both damage Mr. Dominé and Louisville Historic Tours and confuse the public unless enjoined by this court. Mr. Dominé and Louisville Historic Tours have no adequate remedy at law. 15 U.S.C. § 1125(a)(1).

121.    Upon information and belief, Defendants have committed the foregoing acts of false endorsement and unfair competition with full knowledge of Mr. Dominé's and/or Louisville Historic Tour's prior rights to Mr. Dominé's name and likeness and the goodwill associated therewith, and/or otherwise creating an association of appearance of affiliation between Defendants and Mr. Dominé and/or Louisville Historic Tours with the willful intent to cause confusion and trade on Mr. Dominé's and/or Louisville Historic Tour's goodwill.

122.    Mr. Dominé and Louisville Historic Tours are therefore entitled to injunctive relief (15 U.S.C. § 1116(a)) and Defendants' profits and costs associated with this action (15 U.S.C. § 1117(a)) and/or any of Plaintiffs' actual loss, treble damages and attorney fees (15 U.S.C. § 1117(b)(1)).

## <u>COUNT V</u>
## UNFAIR COMPETITION UNDER KENTUCKY COMMON LAW

123.    Plaintiffs reincorporate and reallege paragraphs 14-21, 28-37, 44, 49-50, 56-57, 72-89, and 114-122, as if fully set forth herein.

124.    Upon information and belief, Defendants' use of Mr. Dominé's name and other source-identifying indicia associated with Mr. Dominé and/or Louisville Historic Tours in connection with inferior ghost tour services have injured Plaintiffs by impairing the goodwill they have accumulated in association with their own ghost tour services. Moreover, Defendants have unjustly enriched themselves by transacting on Plaintiffs' goodwill.  These acts constitute unfair competition under the common law of Kentucky.

125.    On information and belief, the foregoing conduct of Defendants is beyond and outside the ordinary course of business competition and lacks common business integrity and thereby is a violation of the common law of Kentucky.

126.    On information and belief, the foregoing conduct of Defendants is of such an improper and unfair nature that it would be viewed by a reasonably prudent businessman with a critical and suspicious eye, and thereby is a violation of the common law of Kentucky.

127.    Defendants' actions have caused and continue to cause Plaintiffs irreparable harm for which there is no adequate remedy at law. Plaintiffs are therefore entitled to immediate preliminary and permanent injunctive relief and damages in an amount to be determined at trial.

## <u>COUNT VI</u>
## VIOLATION OF RIGHT TO PRIVACY UNDER KENTUCKY COMMON LAW

128.    Plaintiffs reincorporate and reallege paragraphs 14-16, 28-29, 31-37, 44, 49-50, 56-57, 72-89 as if fully set forth herein.

129.   Defendants have appropriated Mr. Dominé's name in their online marketing, in their tours, and, upon information and belief, in print marketing materials, in violation of Mr. Dominé's common law right to privacy.

130.   Said misappropriation of Mr. Dominé's name has caused and continues to cause injury to Mr. Dominé's human dignity and peace of mind and harm in the form of emotional distress for which there is no adequate remedy at law.

131.   Mr. Dominé is therefore entitled to injunctive relief, general and special damages in an amount to be determined at trial.

132.   Defendants misappropriated Mr. Dominé's name with the intent to cause him harm and/or otherwise in reckless disregard of his rights. Therefore, Mr. Dominé is further entitled to punitive damages in an amount to be determined at trial. KRS § 411.184(2).

### COUNT VII
### VIOLATION OF THE RIGHT OF PUBLICITY
### KRS § 391.170

133.   Plaintiffs reincorporate and reallege paragraphs 14-16, 28-29, 31-37, 44, 49-50, 56-57, 72-89 as if fully set forth herein.

134.   Beyond misappropriating Mr. Dominé's name alone, Defendants have misappropriated Mr. Dominé's property interest in the considerable commercial value of his name, in violation of Mr. Dominé's right of publicity. KRS § 391.170(1).

135.   Said appropriation has caused and continues to cause injury to Mr. Dominé's human dignity and peace of mind and harm in the form of emotional distress for which there is no adequate remedy at law.

136.    Mr. Domine is therefore entitled to injunctive relief, general and special damages in an amount to be determined at trial.

137.    Defendants' violations were intentional misrepresentations and/or deceit intended to cause Mr. Dominé injury, such that they were committed fraudulently as that term is defined in KRS § 411.184(1)(a) and/or otherwise in reckless disregard of Plaintiff's rights. Therefore, Mr. Dominé is further entitled to punitive damages in an amount to be determined at trial. KRS § 411.184(2).

## <u>COUNT VIII</u>
## UNJUST ENRICHMENT UNDER KENTUCKY COMMON LAW

138.    Plaintiffs reincorporate and reallege paragraphs 14-16, 28-29, 31-37, 44, 49-50, 56-57, 72-91 as if fully set forth herein.

139.    The acts complained of above constitute unjust enrichment of Defendants at Mr. Dominé's expense, in violation of the common law of Kentucky.

140.    Defendants have been conferred a benefit through the use of Mr. Dominé's name, goodwill and reputation, as well as through the use of Mr. Dominé's copyrighted intellectual property at the expense of Mr. Dominé and without compensation to Mr. Dominé.

141.    It would be inequitable to allow Defendants to continue using Mr. Dominé's name, goodwill, marks, and copyrighted works and/or to otherwise benefit from the same without payment for their value to Mr. Dominé.

142.    As a result of Defendants' unjust enrichment, Mr. Dominé is entitled to recover from Defendants the value of the benefit retained in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment against Defendants as follows:

*With respect to claims of copyright infringement*

1.    That Defendants have willfully violated Section 501 of the Copyright Act, 17 U.S.C. §§ 501, 401.

2.    Granting an injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

      a.    reproducing or preparing derivative works based on any and all of Mr. Dominés copyrighted works, or publicly displaying and/or performing any of Mr. Dominé's copyrighted works and/or any unauthorized derivatives thereof, including scripts of Defendants' ghost tour, anywhere in the United States;

      b.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).

3.    That Defendants be ordered to render an accounting of Defendants' profits attributable to Defendants' infringing conduct, profits from sales and any other exploitation of Mr. Dominé's copyrighted works, and any products, works, or other materials that include, copy, are derived from, or otherwise embody Mr. Dominé's copyrighted works.

4.     That Defendants be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendants in connection with Defendants' infringing conduct, including without limitation all remaining copies of Mr. Dominé's copyrighted works and any products and works that embody any reproduction or other copy or colorable imitation of Mr. Dominé's copyrighted works, as well as all means for manufacturing them

5.     That Defendants, at their own expense, be ordered to recall Mr. Dominé's copyrighted works from any distributors, retailers, vendors, or others that have distributed Mr. Dominé's copyrighted works on Defendants' behalf, and any products, works, or other materials that include, copy, are derived from, or otherwise embody Mr. Dominé's copyrighted works, and that Defendants be ordered to destroy or deliver up for destruction all materials returned to it.

6.     Awarding Plaintiff Dominé:

a.     Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of Mr. Dominé's copyrighted works and any products, works, or other materials that include, copy, are derived from, or otherwise embody Mr. Dominé's copyrighted works, or, in the alternative and at Mr. Dominé's election, statutory damages in such amount as the Court finds to be just and proper; and

b.     damages sustained by Mr. Dominé as a result of Defendants' infringing conduct, in an amount to be proven at trial; or

> c. statutory damages for willful infringement of Plaintiff's copyrights in an amount not to exceed $150,000 per work infringed; or
>
> d. statutory damages for infringement of Plaintiff's copyrights in an amount not to exceed $30,000 per work infringed.

7. Awarding Mr. Dominé interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. Awarding Dominé his attorney fees incurred in pursuit of this action.

9. Awarding such other and further relief as the Court deems just and proper.

***With respect to all claims of false endorsement and unfair competition***

10. That Defendants have willfully violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) by using Mr. Dominé's name and by using spurious designations of origin in a manner likely to cause confusion with the titles of Mr. Dominé's Ghost Books and/or Mr. Dominé's ghost tours.

11. That Defendants have committed unfair competition under Kentucky common law.

12. Granting an injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

a.      making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Mr. Dominé or Louisville Historic Tours, or (ii) that Mr. Dominé's and Louisville Historic Tours' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant.

b.      engaging in any activity that infringes Mr. Dominé's rights in his name and in the name Louisville Historic Tours and *Old Louisville Ghost Tours* as trademarks;

c.      engaging in any act constituting unfair competition with Mr. Dominé, including, though not limited to, using the name *Ghosts of Louisville Tour* for Defendants' services, or any other source-identifying indicia that are confusingly similar to those of Mr. Dominé;

d.      using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Mr. Dominé or Louisville Historic Tours, or which tend to do so;

e.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d);

30

13.    Ordering Defendants to permanently delete and remove from all online marketplaces, search engines, blogs, social media, or websites on or through which Defendant has advertised or sold its services or that are within Defendants' control, all listings for or references to Mr. Dominé or Louisville Historic Tours, or any promotional materials for said services that bear, contain, or display Mr. Dominé's trademarks or any other mark that is a copy, simulation, confusingly similar variation, or colorable imitation of Mr. Dominé's trademarks.

14.    Awarding Mr. Dominé Defendants' profits attributable to the conduct complained of herein or Mr. Dominé's damages arising out of Defendants' wrongful acts, whichever is greater, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

15.    Awarding Plaintiff three times the damages sought herein pursuant to Section 35(b) of the Lanham Act (15 U.S.C. § 1117(b)).

16.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

17.    Awarding such other and further relief as the Court deems just and proper.

***With respect to claims of right to privacy and right of publicity***

18.    That Defendants have violated Mr. Dominé's right to privacy by unlawfully appropriating his name in Defendants' marketing and on its tours.

19. That Defendants have violated Mr. Dominé's right of publicity by unlawfully appropriating the commercial value of Mr. Dominé's name in Defendants' marketing and on its tours.

20. Granting an injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    further appropriating Mr. Dominé's name, image, likeness, or other indicia of his personality, or the commercial value thereof;

    b.    prohibiting Defendants from publicly using, displaying, mentioning, or otherwise publicizing Mr. Dominé's name, image, likeness, or other indicia of his personality on Defendants' website, in its marketing and/or promotional materials, on its tours, or any other unauthorized use;

    c.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a) and (b) above.

21. Awarding Mr. Dominé general and special damages in an amount to be determined at trial.

22. Awarding Mr. Dominé punitive damages under KRS § 411.184 in an amount the court deems necessary to deter further violations.

23.    Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

24.    Awarding such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff hereby requests a jury trial on all claims which are permitted to be tried by a jury under the Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: August 30, 2022

*s/Brian McGraw*

_____

Brian P. McGraw
Augustus S. Herbert
**MIDDLETON REUTLINGER**
401 S. 4th Street, Suite 2600
Louisville, Kentucky 40202
Phone: (502) 584-1135
Fax: (502) 561-0442
bmcgraw@middletonlaw.com
aherbert@middletonlaw.com

ATTORNEYS FOR PLAINTIFFS